(C. D. 266)

Internternational Forwarding Co. Inc., *v.* United States

United States Customs Court, Third Division

(Decided December 15, 1939)

*Eugene R. Pickrell* for the plaintiff.

*Webster J. Oliver*, Assistant Attorney General (*Joseph F. Donohue*, special attorney), for the defendant.

Before Cline, Evans, and Keefe, Judges

Cline, Judge: This is a suit against the United States, arising at the port of New York, in which the plaintiff claims that the collector of customs erred in assessing additional duty at the rate of 10 per centum ad valorem under section 304 (b) of the Tariff Act of 1930 on the ground that the merchandise was not legally marked at the time of importation.

The record shows that the merchandise upon which the additional duty was assessed consisted of unsensitized basic paper imported from Germany; that the paper was imported in rolls wrapped in heavy wrapping paper which extended over the ends of the rolls and was turned down, partially covering the ends, and paper discs were placed at each end of the rolls; that the basic paper so wrapped was packed in wooden cases, one roll to each case; that no marking to indicate the country of origin appeared on the basic paper or on the wrapping paper, but the wooden cases were marked with the legend "Made in Germany"; that the basic paper was manufactured into photoprint paper by the importer.

The plaintiff claims that the wooden cases were the immediate containers of the basic paper and inasmuch as the cases were legally marked, under the authority of *Kraft Phenix Cheese Corp.* v. *United*

*States*, 22 C. C. P. A. 111, T. D. 47103, the duty under section 304 (b) should not have been assessed. The plaintiff cites a number of decisions of the Commissioner of Customs, namely, T. D. 44671 (4), T. D. 44770 (5), T. D. 44812 (6), T. D. 45029 (8), and T. D. 45217 (5), holding that paper wrappings of certain merchandise were not to be considered as immediate containers thereof, and *United States* v. *Kraft Cheese Co.*, 18 C. C. P. A. 252, T. D. 44426, holding that bands of cheesecloth wrapped around loaves of cheese were not containers of the cheese.

The plaintiff draws attention also to section 304 (*a*) (3), (*f*), and (*g*) of the Customs Administrative Act of 1938 which authorizes the Secretary of the Treasury to exempt from the marking provisions articles imported for the use of the importer and articles to be processed in the United States by the importer in such manner that any marking contemplated by the section would be obliterated, destroyed, or concealed. The plaintiff claims that this provision throws considerable light upon the intention of Congress with respect to the marking provision in the act of 1930.

The sections of the Customs Administrative Act of 1938 cited by plaintiff contain substantially the same provisions as the Customs Regulations of 1931, as amended in T. D. 48489, except that the immediate containers and packages containing such articles are not exempted from the marking requirement in the regulation. The shipment herein involved was imported on February 21, 1934, which is prior to the promulgation of the regulation in T. D. 48489. That regulation was approved on August 20, 1936. There appears to be no regulation which was promulgated prior to August 20, 1936, which permitted the importation of merchandise without marking in cases where the articles were to be substantially changed in the importer's plant by further manufacture in which process the marking would be obliterated or destroyed.

The main question in this case is whether the wooden cases or the paper wrappers are the immediate containers of the basic paper. If the wooden cases are the immediate containers the additional duty should not have been assessed, but if the paper wrappers were the immediate containers of the basic paper, the additional duty was properly assessed.

In the following cases the court held that paper wrappers immediately covering imported merchandise were the immediate containers thereof: *Carl Steiner* v. *United States*, Abstract 50377, 48 Treas. Dec. 740; *S. Stein & Co.* v. *United States*, Abstract 31872; *I. B. Kleinert Rubber Co.* v. *United States*, Abstract 32564; *J. Hamburger Co.* v. *United States*, Abstract 32829; *Morris Shoenthal, Inc.* v. *United States*, Abstract 33289; *Dragon Leather Co., Inc.* v. *United*

*States*, Abstract 34269; *Ernest E. Marks Co.* v. *United States*, Abstract 34320; *Linker & Klein* v. *United States*, Abstract 34432; *Jeramez & Co., Inc.* v. *United States*, Abstract 34552; *E. Fleischel & Sons* v. *United States*, Abstract 38214; *Henry Gross Corp. et al.* v. *United States*, Abstract 38244; *Aetna Felt Co.* v. *United States*, Abstract 38541; *Arundell Clark, Ltd.* v. *United States*, Abstract 39004.

In harmony with the decisions above cited, we find that the paper wrappers of the rolls of basic paper herein involved were the immediate containers thereof, and, inasmuch as the immediate containers were not legally marked, we hold that the additional duty under section 304(b) was properly assessed by the collector. The protest is overruled. Judgment will be entered in favor of the defendant.